[Criminal No. 47.    Filed March 14, 1889.]

## TERRITORY OF ARIZONA, Plaintiff and Respondent, v. EDWARD M. DOOLEY, Defendant and Appellant.

1. CRIMINAL LAW—CONTINUANCES—AFFIDAVITS—UNCERTAINTY—GRANTING DISCRETIONARY—APPEAL AND ERROR—REVIEWED ONLY WHEN REFUSAL UNJUST.—When affidavits for continuance fail to state that the party expects to procure the testimony of the witnesses at any time, with such uncertainty, a criminal case ought not to be continued.  A continuance in a criminal action rests in the sound discretion of the court and will not be reversed except in cases manifestly arbitrary and unjust.

2. TRIAL—EXCLUSION OF WITNESSES.—The exclusion of witnesses is solely a matter of discretion.

3. CRIMINAL LAW—EVIDENCE—PREVIOUS CONVERSATION BETWEEN PROSECUTING WITNESS AND DEFENDANT.—A defendant will not be permitted to testify as to a conversation between the prosecuting witness and himself three hours before the alleged assault.

4. SAME—JURY—IMPEACHING VERDICT.—A jury cannot impeach their own verdict by a showing that in their deliberations they arrived at their verdict by some of them being persuaded that the punishment would be light.

5. SAME—SAME—CUSTODY—SWORN OFFICER.—There is no provision of the criminal statutes requiring an officer in charge of the jury to be sworn.

6. SAME—APPEAL AND ERROR—INSTRUCTIONS TO JURY—FAILURE TO IN-STRUCT JURY—REQUEST MUST BE MADE OR ERROR WAIVED.—Where the court did not charge the jury that they could render a verdict for an assault with a deadly weapon, or any less offense, the defendant, not having asked for such instruction, cannot take advantage on appeal of the failure so to instruct, though a refusal on request would have been error.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. ,W. H. Barnes, Judge. Affirmed.

Hood and Webb, for Appellant.

Clark Churchill, Attorney-General, and H. R. Jeffords, for Respondent.

PER CURIAM.—Defendant-appellant was indicted and tried in the county of Pima for an assault with intent to murder. The first assignment of error was that the court refused to grant a continuance. The affidavits do not state that he expected at any time to procure the testimony of the witnesses. With such an uncertainty, a criminal case ought not to be continued. A continuance in a criminal action rests in the sound discretion of the court, and will not be reversed except in cases manifestly arbitrary and unjust. *Brown* v. *State,* 85 Tenn. 439, 2 S. W. 895.

The second assignment of error is the refusal of the trial judge to exclude the witnesses. This is solely a matter of discretion.

The third assignment is refusal of the court to allow defendant to testify to a conversation between prosecuting witness and himself three hours before the alleged assault. We do not think such conversation admissible. A previous fight would not have been allowed to be proven by the defense.

Exceptions were taken that the jury in their deliberations arrived at their verdict by some of them being persuaded that the punishment would be light. It is well understood that juries cannot thus impeach their own verdict.

Another exception is that the jury was not all of the time

in custody of the officer sworn in court. Another officer was in charge of the jury part of the time, who, before taking charge, was sworn by the clerk. There is no provision of the criminal statutes requiring an officer to be sworn; it is usually done. In this case, deputy sheriffs had charge of the jury.

Exception is taken because the court did not charge the jury that they could render a verdict for an assault with deadly weapon or any less offense than that charged. Had the court refused to so charge, there would have been error; but no such instruction was asked for by the defendant, and he cannot now take advantage of there being no instruction on that point.

The judgment is affirmed.