539 P.2d 881

**STATE of Arizona, Appellee,**

v.

**William E. STOLZE, Appellant.**

No. 2916.

Supreme Court of Arizona,
In Banc.

Sept. 11, 1975.

Bruce E. Babbitt, Atty. Gen., N. Warner Lee, Former Atty. Gen., Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Allen A. Haggard, Phoenix, for appellant.

LOCKWOOD, Justice:

The appellant, William E. Stolze, was convicted of three counts of furnishing marijuana to a minor in violation of A.R. S. § 36–1002.08 and was sentenced to a term of not less than ten years nor more than ten years and one day in the Arizona State Prison.

The appellant's first contention is that his right to due process under the Fourteenth Amendment to the United States Constitution "has been violated by the unwillingness of the lower court to provide him with the complete transcript of his lower court trial." Appellant further states that "counsel has made repeated requests that the lower court furnish the complete four volumes of the reporter's transcript * * * [and] was only able to obtain two and has prepared this appeal using those two." It is well established that "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In terms of a trial record, this means that the state must afford the indigent a " 'record of sufficient completeness' to permit proper consideration of [his] claims." *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). While a "record of sufficient completeness" does not translate automatically into a complete verbatim transcript, "the State must provide a full verbatim record where that is necessary to assure the indigent as effective an appeal as would be available to the defendant with resources to pay his own way." *Mayer v.*

*City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971).

■ We find that the trial court fully complied with the requirements of due process and the equal protection clause by issuing an order on January 24, 1974, approximately a month and a half after sentencing, stating "that a copy of the transcript of proceedings be furnished to the defendant at the expense of Gila County." At the same time the court granted the defendant an extra thirty days in which to file his appeal. In view of this action by the trial court we are not swayed by appellant's allegation in his brief that "[r]epeated efforts by defense counsel to secure transcripts were met with bureaucratic unwillingness to provide the transcripts at anything other than fifty cents a page." Armed with the court's order, defense counsel was in a position to easily enforce his request for a free copy of the transcript. Appellant fails to allege that discussion of any issue was hindered by his supposed inability to obtain a portion of the transcript and a reading of his brief displays a complete discussion of the facts and issues in this case. We find no merit in this contention.

■ The appellant's second contention is that the testimony of an eleven year old prosecution witness should have been stricken from the record by the trial court because her testimony was the product of "coaching" by her brother who was in the courtroom in violation of "the rule." The record is devoid of a scintilla of evidence to support a charge of "coaching." Defense counsel made no objection on this ground at trial. The mere fact that the witness' brother remained in the courtroom in violation of "the rule" after he testified neither establishes "coaching" nor prejudice to the defendant under the facts of this case. In *State v. Sowards,* 99 Ariz. 22, 406 P.2d 202 (1965), we stated:

"Arizona has no statutory provision or criminal procedure rule relating to the sequestration of witnesses during a trial, but this common law practice was fol-lowed in our courts before Arizona became a state. *Territory of Arizona v. Dooley,* 3 Ariz. 60, 78 P. 138 (1889). The purpose of excluding witnesses from the trial is to encourage the discovery of truth, and detection and exposure of falsehood. *State v. Thomas,* 78 Ariz. 52, 275 P.2d 408 (1954). As we have previously said, exclusion of witnesses from the courtroom and administration of the exclusionary rule is within the sound discretion of the trial judge and this court will not disturb the ruling of the trial court unless there is shown an abuse of discretion and resulting prejudice there-from. *State v. Romero,* 85 Ariz. 263, 336 P.2d 366 (1959)." 99 Ariz. at 26, 406 P.2d at 204.

Because the witness' brother had already testified, the policy underlying "the rule" was not violated. When the trial judge pointed out to both attorneys during the sister's testimony that the witness' brother had not left the courtroom the defense attorney declined to request removal. We find no prejudice to the defendant nor an abuse of discretion by the trial court for failing to order removal on its own motion.

■ The appellant's third contention is that he was "denied a fair trial by the impaneling of a jury who subsequent to their being sworn in proved to be composed of persons who were friends and business acquaintances of prosecution witness Edward Guerrero, who was also the father of the minor child to whom the appellant supposedly furnished the contraband." Again, the appellant offers no facts to support his allegation. What the record actually discloses is that Edward Guerrero, a member of the Arizona House of Representatives, testified that none of the jurors were "close personal friends." He admitted that as a Representative of that District he had encountered several of the jurors before, but was unable to recall any of their names. There was no evidence Guerrero had ever had business dealings with any of the jurors. The burden is on the party who claims he was tried by

a biased jury to establish that a juror gave improper answers on voir dire or that the selection procedure was somehow discriminatory. *United States v. Crosson,* 462 F.2d 96 (9th Cir. 1972), cert. denied 409 U.S. 1064, 93 S.Ct. 569, 34 L.Ed.2d 517; *People v. Preston,* 9 Cal.3d 308, 107 Cal.Rptr. 300, 508 P.2d 300 (1973). The appellant has clearly failed to satisfy this burden.

■ The appellant's fourth contention is that the trial court erred in admitting into evidence a "surprise" exhibit consisting of marijuana found in the pocket of defendant's jacket seized at the home where the crime in this case occurred. The officer who seized the jacket neglected to list the marijuana on his property sheet made out the day of the defendant's arrest and sent the marijuana discovered in the coat to the Arizona Department of Public Safety Laboratory for analysis approximately six months after the other contraband seized in the case was sent. We have previously noted the necessity of a timely motion where "surprise" is claimed:

" 'As in other cases where a new trial is sought, a party will not be permitted to sit mute, claim no surprise in the trial, speculate on the verdict, and, when it is found against him, claim the right to the new trial on the ground of surprise, the usual rule being that in order to save the point, he must ask for a continuance or postponement. The most common application of this rule is with relation to surprise at the evidence. In such case a new trial will not be granted in order to enable accused to produce countervailing evidence, where he fails to ask for a continuance or postponement at the time of the surprise or to take other steps to avoid its consequences.'

\* \* \* \* \* \*

"If at the trial defendant is surprised by the evidence and a sufficient showing is made thereof, and of his inability to meet the variance in proof, then it would be reversible error for the court not to grant sufficient time to prepare the necessary change in defense." *State v. Walker,* 83 Ariz. 350, at 353–54, 321 P.2d 1017, at 1019 (1958).

Without commenting on the merits of such a motion, it is clear the defendant did not move for a continuance or postponement based on his claim of "surprise" at the trial. Thus he is precluded from raising such a contention on appeal.

■ The appellant's final contention is that the state failed to present a prima facie case that the accused was guilty of furnishing marijuana to minors. We disagree. The role of an appellate court in reviewing a question of this nature is well settled:

"Reversible error occurs where there is a complete absence of probative facts to support the conclusion. \* \* \* When we consider whether the verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. Rather, we decide whether there is competent evidence to support the conclusion found or, alternatively, whether the verdict was found without evidence from passion, prejudice or other improper motive. \* \* \* Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. \* \* \* Substantial evidence means more than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached. \* \* \* It is of a character which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed. \* \* \* If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue then such evidence must be considered as substantial." *State v. Bearden,* 99 Ariz. 1, at 3–4, 405 P.2d 885, at 886 (1965).

Testimony presented by the state at the trial indicated the appellant and Manuel Robles arrived the afternoon of March 23, 1973 at a Globe, Arizona house where three seventeen year old girls and Robles'

younger sister were present. Manuel Robles and the defendant proceeded to the dining room table where they rolled several marijuana cigarettes. Both Manuel Robles and his younger sister testified the marijuana was produced by the defendant from his jacket pocket. All three seventeen year old girls testified they took part in the smoking of the marijuana. The party was later broken up by the arrival of Edward Guerrero, father of one of the girls. The police were called and various items, including marijuana, were seized. The defendant's jacket was seized and Officer McGann of the Globe Police Department testified he discovered a quantity of marijuana in a pocket. This presentation by the state clearly provided substantial evidence to support the jury's verdict. *State v. Bearden,* supra.

The conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ.. concurring.