587 P.2d 1181

**STATE of Arizona, Appellee,**

v.

**Brahim Dwayne HERRO, true name Brahim Alan Herro, Appellant.**

**No. 4178.**

Supreme Court of Arizona,
In Banc.

Nov. 22, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ronald G. Saltsman, Phoenix, for appellant.

HOLOHAN, Justice.

On February 1, 1977, appellant, Brahim Alan Herro, was placed on probation for five years as a result of his conviction for possession of narcotics and second-degree burglary. On July 6, 1977, a petition to revoke defendant's probation was filed with the Superior Court of Maricopa County pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 27.5, alleging that defendant had violated certain of the terms of his probation. At the conclusion of the violation hearing, the trial judge revoked probation. After a sentencing hearing, the defendant was sentenced to concurrent terms of three to ten years (for possession of heroin) and three to five years (for second-degree burglary). This appeal followed. We have jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e)(5). Judgment of the Superior Court affirmed.

Appellant has raised four issues for our consideration:

1) Whether the trial court possessed sufficient evidence to conclude that a violation of probation had occurred.

2) Whether appellant's constitutional right of cross-examination was abridged.

3) Whether the sentence imposed by the trial court was excessive and therefore an abuse of discretion.

4) Whether criminal punishment of a narcotics addict constitutes cruel and unusual punishment.

## I. SUFFICIENCY OF EVIDENCE

It was alleged in the petition to revoke probation that defendant had violated those terms of his probation which related to his obligation to cooperate in a vocational program and to refrain from associating with a person of lawless reputation.[1]

Our review of the record indicates that Lou Luckett, a counselor attached to the Maricopa County Skills Center in Phoenix, testified at the violation hearing that on June 28, 1977, he had a conversation with appellant concerning the fact that the appellant was absent from the Center for about three hours without permission. Appellant offered no excuse for this absence. According to Luckett, this was not the first instance in which appellant had been found to have breached the facility's rules.

Randall Walker, defendant's probation officer, testified that the defendant admitted in a telephone conversation that he had in fact taken Steven Ferns, another inmate with a criminal record, from the Center to Tempe on the afternoon in question. Walker said that defendant knew of Ferns' criminal record because they had been inmates together in the Durango facility and also because defendant told Walker that he knew that Ferns was in the custody of the sheriff. Walker stated further that he had at no time authorized the defendant to associate with Steven Ferns outside the Skill Center's program. Walker testified on cross-examination that he had thoroughly reviewed the terms and conditions of defendant's probation with him at the time he was granted probation, and that the discussion included advice to defendant on the

---

1. Terms 3 and 15 of defendant's probation stated that defendant shall:

"3. Participate and cooperate fully in any program of assistance and counseling, whether vocational, medical, psychological or financial, as directed by the probation officer.

.     .     .     .     .

"15. Not knowingly associate with any person of lawless reputation nor with any person who has a criminal record or who is on probation or parole without approval of the probation officer.   .   .   ."

consequences which would follow if the terms were disobeyed.[2]

In addition to Luckett and Walker's testimony as to the events which had led to the violation hearing, the court also had defendant's own testimony before it. Defendant said in open court that Luckett and Walker's testimony was "basically correct" and that he did not deny any of the matters to which they had testified.

We believe that the testimony of Luckett and Walker taken together with Herro's own admissions about the accuracy of the testimony are sufficient to justify the trial judge in finding that, based on a preponderance of the evidence, a violation of the terms of probation had occurred. *See State v. Bates,* 111 Ariz. 202, 526 P.2d 1054 (1974).

## II. THE CROSS-EXAMINATION

■ Counsel for appellant asserts that the trial court interrupted his cross-examination on a number of occasions during the violation hearing. He further contends that because of the court's comments which he terms "hostile and antagonistic," he ceased cross-examination because he believed further attempts to cross-examine would be futile. We find these contentions to be totally without merit.

Our reading of the record indicates that during cross-examination the court questioned defense counsel once with regard to how much longer counsel intended to take with his cross-examination. The court also suggested that counsel get to the point of what he was trying to ask the witness, asked defense counsel to argue the law to the court and not to the witnesses, and finally requested counsel not to argue with the witnesses.

Under the circumstances of the entire record before us we do not believe that the trial court's comments were unreasonable or improper.

2. We note that a similar and extensive discussion was held with the defendant by the trial court at the original sentencing hearing on February 1, 1977. On the record before us, defendant's argument that he did not understand the terms of probation is therefore given no weight by this court.

## III. THE EXCESSIVENESS OF THE SENTENCE

Appellant was sentenced to concurrent terms of three to ten years for possession of a narcotic drug, heroin, and three to five years for second-degree burglary. He argues that this sentence was excessive and therefore constituted an abuse of discretion by the trial court.

■ While we are aware of our authority under A.R.S. § 13–4037(B) (formerly § 13–1717(B)) to reduce an excessive sentence, we have repeatedly stated that where a sentence is within the statutory limits we will not modify it in the absence of unusual circumstances. *State v. Valenzuela,* 109 Ariz. 1, 503 P.2d 949 (1972); *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). The sentences are within the statutory limits.

■ Appellant states that his youth and the fact that he was sentenced for a first felony offense are relevant factors which should lead us to reduce his sentence. Appellant overlooks a number of factors which fully justify the sentence in his case. He was convicted of possession of marijuana in June 1976. Some three months later he was arrested for possession of heroin. Within nine days after he had been released from jail, he was arrested for burglarizing a residence. He was placed on probation after his plea of guilty to possession of narcotics and second-degree burglary.

The probation officer testified at the revocation hearing and stated in his report that the appellant had no regard for the laws of society. It was evident that the appellant was ignoring the conditions of his probation. Apparently appellant had no intention of changing his conduct. When a trial court is faced with the alternatives of either confining a defendant or leaving him at large to continue his criminal activity, the decision to confine is not only sound discretion but necessary for the protection of society. *State v. O'Donnal,* 110 Ariz. 552, 521 P.2d 984 (1974).

## IV. CRUEL AND UNUSUAL PUN-ISHMENT

■ Appellant argues that the instant case is similar to *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) because, from appellant's perspective, his punishment for possession of heroin results from his status as a heroin addict and is therefore cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States. It is appellant's contention that possession is a necessary corollary to addiction, and that one addicted to the use of narcotics is under a compulsion to have narcotics in his possession. Since an addict is also under a compulsion to commit crime to support his addiction, appellant reasons that punishment of an addict for his statutory violations is unconstitutional under *Robinson v. California, supra.* We find no merit in these novel contentions.

Appellant is not being punished for being an addict. He is being punished for illegal possession of a narcotic. Punishment for possession of narcotics by this state is in clear harmony with the holding in *Robinson v. California, supra* :

> "The broad power of a State to regulate the narcotic drugs traffic within its borders is not here in issue. More than forty years ago, in *Whipple v. Martinson,* 256 U.S. 41, this Court explicitly recognized the validity of that power: 'There can be no question of the authority of the state in the exercise of its police power to regulate the administration, sale, prescription and use of dangerous and habit-forming drugs * * *. The right to exercise this power is so manifest in the interest of the public health and welfare, that it is unnecessary to enter upon a discussion of it beyond saying that it is too firmly established to be successfully called in question.' 256 U.S., at 45.

> "Such regulation, it can be assumed, could take a variety of valid forms. A State might impose criminal sanctions, for example, against the unauthorized manufacture, prescription, sale, purchase, or possession of narcotics within its borders." 370 U.S. 664, 82 S.Ct. 1419, 8 L.Ed.2d 761–62.

*Robinson* recognizes the right of a state to impose criminal sanctions for possession of narcotics. It is equally clear that a state, for the protection of its citizens, may impose sanctions for burglary and theft. In each instance the sanctions are not directed against a person's drug habit; they are directed against the conduct sought to be controlled or prevented.

Having reviewed the record for any additional points of error and finding none, we affirm the judgment and sentence.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.