611 P.2d 95

STATE of Arizona, Appellee,

v.

Richard Alvin SCRIVNER, Appellant.

No. 1 CA–CR 3800.

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 28, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Asst. Atty. Gen., and Jessica L. Gifford, Asst. Atty. Gen., Phoenix, for appellee.

Robert A. Wertsching, Phoenix, for appellant.

## OPINION

CONTRERAS, Judge.

Richard Alvin Scrivner was charged by information with a first degree burglary that occurred on January 25, 1978. A.R.S. §§ 13–301, –302, –1647, –138, –139, –140. The state alleged a prior conviction for robbery. A plea agreement was tendered to the trial court, but was withdrawn when the court announced its intention to sentence Scrivner to imprisonment and deny probation. Following a jury trial, Scrivner was convicted of first degree burglary and subsequently admitted the prior conviction. After entry of judgment of guilt, Scrivner was sentenced to a term of 12–17 years' imprisonment. He now appeals the judgment of conviction and the sentence.

The state's evidence at trial showed that a police officer was driving past Whalen Auto Sales on the evening in question when he noticed three persons, later identified as appellant and his two brothers, near a vehicle parked on the parking lot with an open trunk. After questioning the three about their activities at that location, the officer observed that the sliding glass door of the business was slightly ajar and the locking mechanism had been broken and was lying at the bottom of the door. He also observed fresh pry marks on the door and frame. At the officer's request, the vehicle trunk was opened, revealing a television set and paint sprayer inside. These items were later identified by the owner of the premises as having been locked inside the business structure approximately one-half hour earlier.

Appellant did not testify at trial, but called his brother to testify on his behalf. The defense was based on the theory that appellant had been drinking and was unaware of what was occurring or what his brothers were doing. His brother, Kenneth Scrivner, testified that he had earlier entered a guilty plea in the same case. Kenneth testified that his brother, appellant,

had no knowledge of the activities at that time and place, but admitted telling the trial judge at the time of entry of his plea that appellant had placed the spray gun in the trunk of their car.

Following entry of judgment of guilt and sentencing, appellant allegedly filed with the trial court a "Motion for Production of and Possession of a Personal Copy of Record on Appeal." The motion requested, in addition to the usual minute entries, instruments and transcripts of proceedings, that appellant be provided with all investigative and laboratory reports, all statements of witnesses, all warrants and complaints relevant to the offense, all agreements with other persons related in any way to the offense, and all motions presented in relation to the case. Neither this motion nor a ruling by the trial court appear in the original record on appeal.[1] Because appellant might later wish to raise the issue of ineffective assistance of counsel at trial, he received substitute counsel for his appeal. By order of this court, appellate counsel has received copies of all minute entries and instruments contained in the record on appeal, but has never received the supplementary materials requested in appellant's original motion.

Appellant does not here complain that he received ineffective assistance of counsel. In order to raise such an issue for our determination, he would be required to make specific allegations of incompetency of counsel and allege prejudice resulting therefrom. *State v. Rogers*, 113 Ariz. 6, 545 P.2d 930 (1976). Rather, appellant is alleging that the police and lab reports, witness statements and other related materials were necessary for him to determine whether he had in fact received reasonable assistance of trial counsel, and therefore the failure to provide the expanded record to him for purposes of his appeal constituted a denial of due process, equal protection, and assistance of counsel.

1. On July 17, 1979, present counsel for appellant provided this court with a certified copy of appellant's original handwritten "Motion for Production of and Possession of a Personal Copy of Record on Appeal." This Motion, which is dated November 24, 1978, was received by the Clerk of the Superior Court on December 5, 1978. As such it was received after the Notice of Appeal was filed. We have, in the text of this decision, considered appellant's Motion since this issue has been briefed by both the appellant and the state.

██ We note initially that none of the additional materials mentioned by appellant are contained within the definition of the "record on appeal" as set forth in 17 A.R.S., Rules of Criminal Procedure, Rule 31.8(a). Appellant has already received the "record on appeal" as it exists in this court and as defined in our rules. While we agree that the state must provide an indigent appellant with a record of sufficient completeness to permit proper consideration of his claims, *State v. Stolze*, 112 Ariz. 124, 539 P.2d 881 (1975), we do not agree that the state must provide an expanded record in order to accommodate an appellant's fishing expedition for possible appellate issues. Finally, we note that where a specific claim of error *resulting in prejudice is alleged*, 17 A.R.S., Rules of Criminal Procedure, Rule 32 provides a vehicle for developing a record upon which such claim may be reviewed. *See State v. Rogers, supra; State v. Bell*, 23 Ariz.App. 169, 531 P.2d 545 (1975). In summary, we are unwilling to hold that in the absence of a specific and articulable claim of error, this court or any trial court should expand the record on appeal to accommodate an appellant's search for possible appellate issues. We find no error.

██ Appellant also alleges that the sentence he received was excessive in view of the provisions of the new Arizona Criminal Code, effective October 1, 1978. Under Arizona law as it existed at the time of appellant's offense, he was subject to imprisonment for a term of 10 years to life. A.R.S. §§ 13–302(B), –1649(A)(1). Under the new Arizona Criminal Code, appellant's maximum criminal liability would have been four years' imprisonment. A.R.S. §§ 13–1506, –701, –604. We do not agree, however, that appellant should be resentenced. A.R.S. § 1–246 provides:

When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

*See* A.R.S. § 1–247. Additionally, Section 179 of Chapter 142 of the Session Laws of 1977, which enacted the new Criminal Code, provides in part:

Sec. 179. Application of act to offenses committed before and after enactment.

A. The provisions of this act shall govern the construction of and punishment for any offense defined in this act and committed after its effective date.

. . . . .

C. The provisions of this act do not apply to or govern the construction of and punishment for any offense committed before the effective date of this act, or the construction and application of any defense to an prosecution for such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this act had not been enacted.

See Historical Note following A.R.S. § 13–101. "Thus Section 179 is a special law governing the application of the new Criminal Code." *State v. Brown*, 123 Ariz. 406, 599 P.2d 859, 860 (1979). Appellant's punishment was fixed under the provisions of law that existed when he committed the offense. In enacting both A.R.S. § 1–246—the general statute—and the new special statute, the legislature has clearly directed that appellant not be sentenced under the provisions of the new Criminal Code.

██ This court will not modify a sentence unless there are unusual circumstances or it clearly appears from the record that there is an abuse of discretion. *State v. Herro*, 120 Ariz. 604, 587 P.2d 1181 (1978); *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978). In sentencing, "the trial judge should consider not only the circumstances of the offense but also the character and past conduct of a defendant, so that the punishment may be set in accordance with defendant's general character and the nature of the crime committed." *State v. Miller*, 120 Ariz. 224, 228, 585 P.2d 244, 248 (1978).

██ In sentencing, "[t]he general character of the party convicted, age, physical

health, cooperative attitude, moral character and prior criminal record or lack thereof are valid considerations." *State v. Montano*, 121 Ariz. 147, 149, 589 P.2d 21, 23 (App. 1978). Further, it is appropriate to consider the four-fold objectives of sentencing, namely, retribution, restraint, deterrence and rehabilitation. *State v. O'Neill*, 117 Ariz. 343, 572 P.2d 1181 (1977). On the date of the offense, appellant was 23 years of age. His prior record included one conviction for strong-arm robbery, a conviction for escape from custody, and two convictions for first degree burglary. A juvenile record of several arrests and one period of detention was also indicated. The presentence report stated that appellant possessed an extremely poor attitude and expressed absolutely no remorse for his involvement in the instant offense. Under all the circumstances, we find no abuse of the broad discretion vested in the trial court with regard to sentencing.

Having found no error, the judgment of conviction and the sentence are affirmed.

HAIRE, P. J., Department C, and JACOBSON, J., concur.