643 P.2d 1022

**STATE of Arizona, Respondent,**

v.

**Richard Alvin SCRIVNER, Petitioner.**

**No. 1 CA–CR 5162–PR.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 2, 1982.

Rehearing Denied March 17, 1982.

Review Denied April 13, 1982.

asserted. *See* Rule 32.2.d; *State v. Thompson*, 120 Ariz. 202, 584 P.2d 1193 (App.1978); *State v. Rockerfeller*, 117 Ariz. 151, 571 P.2d 297 (App.1977). The trial court then summarily denied the petitions. Rule 32.6.-c. A timely motion for rehearing was likewise denied, and the matter is before this court following the filing of a timely petition for review. Rule 32.9. We will review the single issue preserved by the motion for rehearing. Rule 32.9.a; *State v. Ramirez*, 126 Ariz. 464, 616 P.2d 924 (App.1980); *State v. Moore*, 125 Ariz. 528, 611 P.2d 115 (App.1980); *State v. McFord*, 125 Ariz. 377, 609 P.2d 1077 (App.1980).

Petitioner alleges that he received ineffective assistance of counsel at trial, and cites seven reasons in support of this contention. However, we agree with the state that he is precluded from raising the issue in this proceeding.

Rule 32.2, dealing with preclusion of remedy, provides:

"Rule 32.2 Preclusion of remedy

"a. Preclusion. A petitioner will not be given relief under this rule based upon any ground:

\* \* \* \* \* \*

"(3) Knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding.

\* \* \* \* \* \*

"c. Inference of Waiver. The court may infer from the petitioner's failure to appeal or to raise an issue on appeal after being advised by the sentencing judge of the necessity that he do so, or his failure to raise any ground then available to him in a previous Rule 32 proceeding in which he was represented by counsel, that he knowingly, voluntarily and intentionally relinquished the right to do so.

"d. Standard of Proof. The prosecutor shall plead and prove any ground of preclusion by a preponderance of the evidence; however, the inference of section (c) shall be considered part of the evidence."

Thomas E. Collins, Maricopa County Atty. by Cameron H. Holmes, Deputy County Atty., Phoenix, for respondent.

Robert L. Storrs, Phoenix, for petitioner.

## OPINION

HAIRE, Judge.

Richard Alvin Scrivner was sentenced to a term of twelve to seventeen years imprisonment following a conviction for first degree burglary in 1978. The conviction and sentence were affirmed by this court on appeal. *State v. Scrivner*, 125 Ariz. 508, 611 P.2d 95 (App.1979). Scrivner began these proceedings by filing a petition for post-conviction relief *in propria persona* with the trial court pursuant to Rule 32, Rules of Criminal Procedure, 17 A.R.S. Thereafter appointed counsel filed a supplemental petition in petitioner's behalf. The state in its response to the petitions, pleaded that petitioner was precluded from raising the issues

It is clear that petitioner was contemplating this very issue of ineffective assistance of counsel at the time his original appeal was prepared. In *State v. Scrivner, supra,* we said:

"Appellant does not here complain that he received ineffective assistance of counsel. In order to raise such an issue for our determination, he would be required to make specific allegations of incompetency of counsel and allege prejudice resulting therefrom. *State v. Rogers,* 113 Ariz. 6, 545 P.2d 930 (1976). Rather, appellant is alleging that the police and lab reports, witness statements and other related materials were necessary for him to determine whether he had in fact received reasonable assistance of trial counsel, and therefore the failure to provide the expanded record to him for purposes of his appeal constituted a denial of due process, equal protection, and assistance of counsel." 125 Ariz. at 509, 611 P.2d at 96.

In response to this claim on appeal, we held that in the absence of a specific and articulable claim of error, the appellate record should not be expanded to accommodate an appellate search for possible issues. It is also clear from the record that substitute appellate counsel was appointed for appellant for the very reason that he might wish to raise the issue of ineffective assistance of prior counsel at trial. It is apparent that at that time petitioner was on a "fishing expedition" for possible appellate issues, *State v. Scrivner,* 125 Ariz. at 510, 611 P.2d at 97, and that a possible issue of ineffective assistance of counsel was then clearly contemplated. *See also State v. Drozd,* 116 Ariz. 330, 569 P.2d 272 (App.1977).

One of the purposes of Rule 32 is to furnish an evidentiary forum for the establishment of facts underlying a claim for relief, when such facts have not previously been established of record. *State v. Bell,* 23 Ariz.App. 169, 531 P.2d 545 (1975); *State v. Cabrera,* 114 Ariz. 233, 560 P.2d 417 (1977). However, every specification of ineffective assistance of counsel made in this petition is based on the record as it previously existed at the time of the original appeal, without any apparent necessity for the development of these matters by further factual hearings. Petitioner did not urge these grounds at the time of his appeal, nor in the exercise of his judgment did appellate counsel see fit to do so. *See State v. Stanley,* 123 Ariz. 95, 597 P.2d 998 (App.1979). There must be a finality to all litigation, even to criminal prosecutions. Rule 32 proceedings are not designed to afford a second appeal or an automatic delayed appeal. *State v. Salazar,* 122 Ariz. 404, 595 P.2d 196 (App.1979); *State v. Guthrie,* 111 Ariz. 471, 532 P.2d 862 (1975). It appears that petitioner merely seeks to now raise new grounds to support a previously considered claim, based on the same record which was originally before him on appeal. This is not the purpose of Rule 32, and he is precluded from doing so by Rule 32.2.

A petition for post-conviction relief is directed to the discretion of the trial court. *State v. Littles,* 123 Ariz. 427, 600 P.2d 40 (App.1979). The trial court's conclusion that petitioner was not entitled to relief was fully warranted and its action denying the Rule 32 petition did not constitute error.

Review granted; relief denied.

EUBANK, P. J., and CONTRERAS, J., concur.