688 P.2d 1028

**The STATE of Arizona,**
**Appellee/Respondent,**

v.

**Louis Martinez DIAZ,**
**Appellant/Petitioner.**

**Nos. 2 CA–CR 2738, 2 CA–CR 3328–2PR.**

Court of Appeals of Arizona,
Division 2.

May 2, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Phoenix, for appellee/respondent.

Charles L. Weninger, Tucson, for appellant/petitioner.

## OPINION

BIRDSALL, Chief Judge.

Appellant was convicted after a jury trial of two charges of second-degree burglary. The court sentenced appellant to two concurrent terms of 7.5 years in prison.

■ Appellant first complains that he was denied his right to be present at the voluntariness hearing. The record shows that his attorney waived appellant's right to be present. Although he was not present on the first day of the hearing, he was present on the second. In addition, it was understood that the state's witnesses who testified the first day would be available for appellant's cross-examination on the second day, and appellant did cross-examine one detective on the second day. Had he wished to cross-examine the other officer on the second day, he could have. Assuming, arguendo, that his absence on the first day of the hearing was fundamental error, it was harmless beyond a reasonable doubt. *See State v. Anderson,* 110 Ariz. 238, 517 P.2d 508 (1973). The record belies any contention that appellant was prejudiced by the procedure, since there was no showing that the determination of the admissibility of appellant's statements to Officer Moreno would have been affected by appellant's presence on the first day of the hearing.

■ The contention that the trial court erred during voir dire examination is also without merit. Appellant argues that the court failed to identify him to the jury and ask whether anyone knew him. We first note that the transcript shows that the court did identify appellant to the jury panel. Second, the record shows that defense counsel was permitted to question the panel, and appellant himself told the trial court that he had no questions to ask and passed the panel. Appellant has waived the objection that he now asserts. *State v. Richmond,* 114 Ariz. 186, 560 P.2d 41 (1976), U.S. reh. denied, 434 U.S. 976, 98 S.Ct. 537, 54 L.Ed.2d 469 (1977). Additionally, if appellant is arguing that the panel was biased against him, he has shown no prejudice resulting from the procedure used. *See*

**138**

*State v. Stolze,* 112 Ariz. 124, 539 P.2d 881 (1975).

■ Appellant's last complaint is that he was improperly sentenced as a repeat offender. A conviction in each cause was alleged as a prior conviction in the other cause. The jury convicted appellant of both charges and, accordingly, one of the two convictions had to be considered a repeat offense. A.R.S. § 13–604(H) and A.R.S. § 13–604(K). It does not matter that the offense in CR–06066 occurred before the offense in CR–05987. *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980). However, only one of the two convictions could be considered a prior. We do not believe the legislature could have intended, in the case of two convictions for offenses not committed on the same occasion but consolidated for trial, that each conviction could be treated as a prior to the other. Otherwise, such a defendant would have "prior" convictions without ever having committed an "original" offense. The state may in its discretion allege only one of the two charges as a prior to the other.

In this case the offense was second degree burglary, a class 3 felony. With no prior convictions, the sentencing range is 3.75 years minimum, 5 years presumptive and 10 years maximum. The appellant was given concurrent sentences of 7.5 years, the presumptive term for a class 3 felony with one prior conviction. That sentence is lawful in case number CR–05987, but not in CR–06066. Since presumptive sentences were given with no finding of aggravation or mitigation, we need not remand. We reduce the concurrent sentence in CR–06066 to 5 years.

We have reviewed the entire record for any other error and have found none. The judgments of conviction and the sentences imposed are affirmed, except as herein modified.

HOWARD and HATHAWAY, JJ., concur.