744 P.2d 8

**The STATE of Arizona, Appellee,**

v.

**Gregory Alan GRIFFIN, Appellant.**

**No. 2 CA–CR 4136.**

Court of Appeals of Arizona,
Division 2, Department A.

Aug. 19, 1986.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Regula Case, Tucson, for appellant.

OPINION

HATHAWAY, Chief Judge.

The sole issue raised in this appeal is whether appellant's aggravated 21–year sentence for attempted second-degree murder is illegal because it is one year greater than he could have received for second-degree murder.

Appellant was indicted for attempted first-degree murder and aggravated assault. During trial, the court directed a defense verdict on the attempted first-degree murder charge and charges of attempted second-degree murder and aggravated assault went to the jury. Appellant

was found guilty and received aggravated concurrent sentences of 21 years for attempted second-degree murder and 15 years for aggravated assault.

Appellant's sole argument is that his "sentence is illegal and his conviction must be vacated because the sentence contravenes legislative intent and violates the eighth and fourteenth amendments, and no forum is institutionally competent now to impose a valid sentence in its stead." We agree in part.

The following facts are necessary to fully understand appellant's argument. In 1984, the legislature amended A.R.S. § 13–1104(B) and reclassified second-degree murder from a class 2 felony to class 1. At the same time, A.R.S. § 13–710 was enacted setting the punishment for second-degree murder at 15 years with the presumptive term aggravated or mitigated by up to five years. With the change in the classification of second-degree murder, attempted second-degree murder became a class 2 felony. A.R.S. § 13–1001(C). As such, the penalty for a first offense is a presumptive term of 10.5 years, a mitigated term of seven years and an aggravated term of 21 years. The result of the legislature's action is to make the maximum sentence for second-degree murder 20 years, but for attempted second-degree murder, 21 years.

Appellant argues that his sentence fails one part of the test set forth in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The court established a four-part test to be used in proportionality analysis: (1) the gravity of the offense; (2) the harshness of the penalty; (3) the sentences imposed on other criminals in the same jurisdiction; and (4) the sentences imposed for the commission of the same crime in other jurisdictions.

■ Appellant argues, and we agree, that the current sentencing scheme for second-degree murder and attempted second-degree murder fails the third prong of the test. In Arizona, under the present statutes, a person convicted of a lesser offense is punished more severely than one convicted of a greater crime. This anomaly arose when second-degree murder was changed to a class 1 felony with a maximum sentence of 20 years. In effect, an accused can be, and in this case was, sentenced more severely where the victim survives than if the murder attempt had been successful. See *Williams v. State*, 271 Ind. 656, 395 N.E.2d 239 (1979); *State v. Kost*, 290 N.W.2d 482 (S.D.1980).

As Justice O'Connor stated in her dissent in *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982):

"[T]he magnitude of the punishment imposed must be related to the degree of the harm inflicted on the victim, as well as to the degree of the defendant's blameworthiness." 458 U.S. at 815, 102 S.Ct. at 3386.

■ A.R.S. § 13–4037 gives this court the power to correct and reduce a sentence when it is clear that the sentence imposed was an abuse of the trial court's discretion, even though it is within the statutory limits. *State v. Herro*, 120 Ariz. 604, 587 P.2d 1181 (1978); *State v. Fristoe*, 135 Ariz. 25, 658 P.2d 825 (App.1982); *State v. Henderson*, 133 Ariz. 259, 650 P.2d 1241 (App.1982), overruled on other grounds, *State v. Pena*, 140 Ariz. 545, 683 P.2d 744 (1983). Having determined that the sentence received by appellant for attempted second-degree murder is unconstitutional, we must now decide if that sentence can be modified.

We now turn to appellant's argument that, because his sentence violated *Solem*, it must be declared void ab initio and vacated. He argues that under *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), the application of an illegal sentencing statute violates a defendant's right to due process. While the court in *Hicks* did void the judgment for that reason, we find the case inapposite. There the state appellate court had declared unconstitutional that portion of the state recidivist statute under which Hicks was sentenced. Here we hold only that part of appellant's sentence for attempted second-degree murder which exceeds the possible sentence for second-degree murder is unconstitutional as disproportionate in violation of *Solem*.

The legislature has determined a range of sentences which may be imposed for particularly classified crimes. The range for a class 2 felony of a dangerous nature is 7–21 years, with a presumptive sentence of 10.5 years. However, the judge can impose a sentence anywhere within the range if the facts of the case warrant. Here, while the judge could have sentenced appellant to any term up to 21 years, we hold that any sentence to a term of imprisonment for less than 20 years (the maximum sentence for second-degree murder) would not violate the proportionality requirements of *Solem*.

The case is remanded to the trial court for resentencing in accordance with this opinion. In all other respects, the judgment and sentence are affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.