754 P.2d 1376
**STATE of Arizona, Respondent,**

v.

**Paul Edward ALFORD, Petitioner.**

**No. 1 CA–CR 11999–PR.**

Court of Appeals of Arizona, Division 1, Department D.

March 10, 1988.

Redesignated as Opinion and Publication Ordered April 8, 1988.

Review Denied June 21, 1988.

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Co. Atty., Phoenix, for respondent.

Paul Edward Alford, in pro. per.

MEMORANDUM DECISION *

GRANT, Judge.

Following a jury trial, petitioner Paul Edward Alford (defendant) was convicted of second-degree murder, a dangerous felony. Defendant was represented on appeal by attorney S. Alan Cook, who was not trial counsel. In this court's case number 1 CA–CR 8755, filed March 25, 1986, we affirmed defendant's conviction and sentence.

On June 29, 1987, defendant filed a petition for post-conviction relief. Defendant alleged several errors at trial and urged that appellate counsel was ineffective in not raising these issues on appeal. He also urged that trial counsel was ineffective in not objecting at certain times at trial. The trial court summarily denied relief. Defendant's motion for rehearing was denied and defendant timely filed a petition for review.

The only issues that we review on appeal are those raised in the motion for rehearing. *State v. McFord*, 125 Ariz. 377, 609 P.2d 1077 (App.1980). Defendant's only argument is that he had raised a colorable claim as to ineffective assistance of counsel on appeal and was therefore entitled to a hearing wherein appellate counsel would have had to explain why he had not raised certain issues on appeal.

Defendant contends appellate counsel should have raised all of the points raised by trial counsel in the motion for new trial as well as other points urged by defendant. The record does show a letter from the defendant to counsel requesting that all such issues be raised. The state, citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), contends that appellate counsel has no duty to argue every non-frivolous issue desired by the defendant. The state also argues preclusion and that the petition was frivolous.

The trial court made the following findings:

(1) Defendant's claims, if any, are precluded;

(2) An attorney is not obligated to raise every issue on appeal;

* EDITOR'S NOTE: Redesignated as an opinion.

(3) The Arizona Court of Appeals searched the record for fundamental error and found none (1 CA–CR 8755); and

(4) The petition is frivolous.

We hold that defendant's claims are precluded. Rule 32.2(a)(3), Arizona Rules of Criminal Procedure.

Defendant urges that *he* did not waive the issues, but rather specifically requested that appellate counsel raise all of the issues raised in the motion for new trial. An exhibit attached to the petition purports to be a letter from defendant to counsel, dated October 22, 1985, in which defendant does state:

*I want all of the issues in the motion for new trial to be raised in the opening Briefs. I also have additional constitutional issues that I want you to raise in my opening briefs.*

Therefore, the issue is whether issues specifically suggested by the defendant are waived if appellate counsel fails to raise them on appeal. We believe that counsel's waiver binds the defendant.

In *Jones v. Barnes*, the defendant sent a letter to counsel, specifically listing several claims that he felt should be raised. Counsel stated he would raise seven claims, but rejected most of the claims suggested by defendant. Counsel's brief emphasized three of the seven claims. The Federal Court of Appeals for the Second Circuit found that counsel's abandonment of a non-frivolous issue abridged defendant's right to counsel on appeal. It found that if defendant demonstrated that counsel failed to argue colorable issues requested by defendant, the defendant need not also demonstrate the likelihood of success on the merits of these claims.

The United States Supreme Court rejected this reasoning:

Yet by promulgating a per se rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed, the Court of Appeals seriously undermines the ability of coun-

sel to present the client's case in accord with counsel's professional evaluation. 463 U.S. at 751, 103 S.Ct. at 3313, 77 L.Ed.2d at 993. Stressing the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review, the Court declined to "second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable claim' suggested by the client." *Id.* 463 U.S. at 754, 103 S.Ct. at 3314, 77 L.Ed. 2d at 995.

Even before *Jones v. Barnes,* this court had taken a similar position. *State v. Scrivner,* 132 Ariz. 52, 643 P.2d 1022 (App. 1982); *State v. Stanley,* 123 Ariz. 95, 597 P.2d 998 (App.1979).

We think *Jones v. Barnes, State v. Scrivner,* and *State v. Stanley* mandate preclusion of defendant's claim. *Jones v. Barnes* holds that it is counsel, not the client, who decides which issues to raise. It would be strange to accept this holding, and yet conclude that the defendant is entitled to a consideration in a Rule 32 petition, on the merits, of the issues raised that were clearly issues that could have been raised by appellate counsel but were not. *State v. Stanley* expressly holds that the determinations of appellate counsel as to what issues to raise will be binding on the defendant thus precluding them from examination in a Rule 32 proceeding. Here, just as in *Scrivner,* defendant attempts to argue issues previously considered and rejected by counsel based on the record existing at the time of appeal.

To consider defendant's claims on their merits would be to afford the defendant a second appeal. Any defendant could present some claims on the appeal. Then, having lost his appeal, a defendant could argue ineffective assistance of appellate counsel, alleging counsel failed to raise other claims. Thus it would be possible for a defendant to obtain a second appellate review on the other claims, even though those claims were based on the record as it existed at the time of the appeal.

The record shows appellate counsel had a proper awareness of, and adequately performed, his function as appellate counsel.

In conclusion, we find that the trial court properly denied relief summarily on the basis of preclusion. Review is granted, but relief is denied.

FROEB, P.J., and CONTRERAS, J., concur.