NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

RENETTA KING, *Petitioner.*

No. 1 CA-CR 15-0552 PRPC
FILED 7-25-2017

Petition for Review from the Superior Court in Coconino County
No.  CR2010-00692
The Honorable Cathleen Brown Nichols, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By William Ring
*Counsel for Respondent*

White Law Offices, PLLC, Flagstaff
By Wendy F. White
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Petitioner Renetta King petitions this court for review from the denial of her petition for post-conviction relief. For reasons that follow, we grant review but deny relief

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　A jury found King guilty of two counts of sale of dangerous drugs. The superior court sentenced her to an aggregate term of ten years' imprisonment and this court affirmed her convictions and sentences on direct appeal. *State v. King*, 1 CA-CR 12-0183, 2013 WL 3326668 (Ariz. App. June 27, 2013) (mem. decision). King then filed a petition for post-conviction relief that presented colorable claims. The superior court held a two-day evidentiary hearing, after which the court denied the petition.

**DISCUSSION**

**¶3**　　　　In her petition for review, King argues (1) there were irreconcilable conflicts with her trial counsel that denied her the right to effective assistance of counsel, and (2) her appellate counsel was ineffective when counsel failed to raise an issue regarding an alleged violation of her right to confront a confidential informant who did not testify at trial. "We examine a trial court's findings of fact after an evidentiary hearing to determine if they are clearly erroneous." *State v. Berryman*, 178 Ariz. 617, 620 (App. 1994). "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007).

**¶4**　　　　Although King argues that irreconcilable conflicts with her trial counsel amounted to ineffective assistance of counsel, her petition does not address any witness testimony or other evidence from the evidentiary hearing, and does not otherwise cite to any portion of the hearing. *See State v. Paris-Sheldon*, 214 Ariz. 500, 505, ¶ 12 (App. 2007) ("[A] defendant *must put forth evidence* of a severe and pervasive conflict with his attorney or evidence that [the defendant] had such minimal contact with the attorney

that meaningful communication was not possible.") (emphasis added). King's petition for review also does not address any of the superior court's findings of fact or conclusions of law. Instead, King repeats the claims raised in superior court regarding her lack of communication with trial counsel. The superior court's findings from the evidentiary hearing contradict King's contentions. At the hearing, King's trial counsel testified that he communicated with King throughout the trial, except when King refused to speak with him on the last day of trial. Furthermore, while King argues trial counsel was late and physically absent from a pretrial hearing, the transcripts show he appeared telephonically and effectively represented King at the hearing. Therefore, King has not established that the findings the superior court made after the evidentiary hearing were clearly erroneous.

¶5        King also argues she was denied effective assistance of counsel on appeal by counsel's failure to raise a confrontation issue. King likewise raised this issue in her petition for post-conviction relief, arguing appellate counsel did not appeal the admission at trial of audio/video conversations that were admitted at trial, and instead chose to focus on other appellate issues. The superior court found appellate counsel was not ineffective because King failed to provide evidence that the alleged failure to raise the issue between the confidential informant and King fell below the prevailing professional norms, or that it would have changed the outcome of the appeal.

¶6        Trial counsel preserved the issue for appellate review by raising the issue in response to the State's Motion in Limine for the admission of the audio/video recordings and statements of the confidential informant. Because the issue is not precluded, we must determine whether the superior court erred by finding that appellate counsel did not render ineffective assistance of counsel. To prove a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards, and that this deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Id.*; *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶7        King did not present evidence as to how appellate counsel was deficient and ineffective by not raising the confrontation issue. Generally, appellate counsel is not ineffective for selecting some issues and rejecting others." *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995). Without more, King's argument that counsel was ineffective for simply not raising the confrontation issue does not prove a claim of ineffective assistance. *See*

*State v. Valdez*, 167 Ariz. 328, 329–30 (1991) (a strong presumption exists that appellate counsel provided effective assistance). Appellate counsel's decisions regarding which issues to raise on appeal are binding on the defendant and preclude him or her from raising those issues in a later Rule 32 proceeding. *State v. Alford*, 157 Ariz. 101, 103 (App. 1988); *see also Davila v. Davis*, 2017 WL 2722418, *10 (U.S. June 26, 2017) ("Declining to raise a claim on appeal . . . is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court."). King has failed to substantiate how appellate counsel's performance was deficient and further fails to demonstrate that but for the error, the appeal would have resulted differently.[1]

**CONCLUSION**

¶8        We grant review but deny relief.



---

[1]        King's argument regarding the Confrontation Clause was also not "likely" to succeed as she suggests. A confidential informant's statements as part of an audio/video conversation with the defendant, when provided as context for a defendant's own statements, are not considered testimonial and therefore do not violate the Confrontation clause. *See State v. Martin*, 225 Ariz. 162, 166–67, ¶ 20 (App. 2010); *see also United States v. Nettles*, 476 F.3d 508, 517–18 (7th Cir. 2007) (a confidential informant is not considered a witness when his recorded statements merely provide context to a defendant's admissions); *State v. Boggs*, 218 Ariz. 325, 334, ¶ 35 (2008) (an interviewer's videotaped statements during an interrogation were admissible to show context).