584 P.2d 1193

STATE of Arizona, Respondent,

v.

Kenneth THOMPSON, Petitioner.

No. 1 CA–CR 3290–PR.

Court of Appeals of Arizona,
Division 1,
Department B.

July ·20, 1978.

Rehearing Denied Aug. 30, 1978.

Review Denied· Oct. 3, 1978.

Charles F. Hyder, Maricopa County Atty. by Lyle Huffman, Deputy County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public. Defender, Phoenix, for petitioner.

## OPINION

JACOBSON, Judge.

Petitioner Thompson seeks review of the action of the trial court in denying his petition for post-conviction relief pursuant to Rule 32, 17 A.R.S., Rules of Criminal Procedure.

Petitioner was convicted of two counts of selling heroin, in violation of A.R.S. § 36–1002.02, and sentenced to concurrent terms of 10 to 30 years on each count. He appealed, and the convictions and sentences were affirmed by this court in its memorandum decision in *State v. Thompson*, 1 CA–CR 1263, filed July 20, 1976. None of the issues raised in his present petition were raised in his appeal, although they could have been.

In his Rule 32 petition, petitioner has raised a number of questions, all of which have finally been conceded by him to be without merit except for those discussed below. The County Attorney, however, filed no written response to the petition and no written response to the motion for rehearing, and thus furnished no help whatsoever to the trial court or this court in its effort to arrive at a proper decision. Judicial proceedings in this state still depend on the adversary system to achieve prompt and correct results, and the complete failure of the State's representative (County Attorney) to file any responsive pleadings in Rule 32 proceedings is a neglect of duty and a

disservice to this court. In this case in particular, it appears that the defense of preclusion under Rule 32.2(a) could have been raised in opposition to the relief sought in the petition. However, as that defense must be pleaded and proved by the State, Rule 32.2(d), this court is not at liberty to base its decision on preclusion where it has not been pleaded. As a result of the State's failure to respond or plead properly, not only in this case but in others which have come before this court, the number of cases to be reviewed and the number of times each case has to be considered has been increasing, resulting in a multiplicity of litigation which is not warranted by the requirements of justice. We therefore strongly suggest that the State's representatives give more attention to the performance of their duties in post-conviction relief proceedings in the future.

We proceed now to consider the grounds for relief alleged in the petition which have not been waived by petitioner. First of all, petitioner claims that a previous conviction which was set forth in an addendum to the information, alleging that he was previously convicted of manslaughter, a felony, on January 19, 1966 in Cause No. 46358 in Maricopa County, Arizona, was improperly used as a prior conviction to enhance punishment because the record did not indicate the date or county of conviction. How petitioner's counsel can make such a statement in her motion for rehearing when the addendum itself, which is part of the record, clearly alleges the date and county of conviction completely escapes us. This ground is absolutely contradicted by the written record and is without merit.

■■■ Next petitioner contends that his prior conviction for manslaughter should not have been used to enhance the punishment imposed for his current convictions of selling heroin. He points to the language of § 36–1002.02(B)[1] which provides, with respect to punishment for more than one offense, that a higher sentence is required only if the defendant ". . . has been previously convicted once of any felony offense *described in this article . . . .*" (emphasis added). Petitioner says that manslaughter is obviously not an offense described in the article involved. He then argues that since this specific provision exists in the narcotics laws, the general recidivist statute (A.R.S. § 13–1649) which allows increased punishment upon the allegation and proof of certain prior convictions does not apply to narcotics offenses. This is not the law, as these two statutes are independent of each other, and either may be applied, depending upon the nature of the previous conviction. *State v. Dodd*, 101 Ariz. 234, 418 P.2d 571 (1966); *see State v. Davis*, 108 Ariz. 335, 498 P.2d 202 (1972). The transcript extract set forth in petitioner's memo indicates that in this case, A.R.S. § 13–1649 (the general recidivist statute) was applied. That section raises the minimum punishment for petitioner's convictions from five years to "not less than ten years" imprisonment. At the time of petitioner's admission of this prior conviction, he was told by the trial court, as shown by the transcript:

"THE COURT: In other words, two counts of sale of narcotic drugs, you could get ten years to life on either of them and the Court could make them run concurrently or consecutively with other charges you may have been sentenced on, or could give you probation on any charge, and you have to serve a minimum of five years with reference to a conviction of sale of narcotic drug."

---

1. § 36–1002.02(B). "If such a person has been previously convicted once of any felony offense described in this article, or has been previously convicted once of any offense under the laws of any other state or of the United States which if committed in this state would have been punishable as a felony offense described in this article, the previous conviction shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or is admitted by the defendant, he shall be imprisoned in a state prison from ten years to life, and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than ten years in prison."

**204**

Had the trial court been using the prior conviction to increase the punishment under § 36–1002.02(B), the minimum time which would actually have to be served would have been *ten* years, and not five, as the judge advised petitioner. In addition, the range of punishment for the offenses of which petitioner was convicted was from five years to life without any prior convictions, so that the sentences imposed were within the permissible statutory range.

Finally, petitioner complains that the trial judge may have misunderstood the minimum time required to be served before parole as being ten years, as a result of which he imposed a maximum of 30 years since parole eligibility is one-third of the maximum sentence. Our answer to this contention is twofold: (1) it is pure speculation, as there is no indication in the record as to any such thinking by the trial court; and (2) the sentencing judge was also the judge who heard petitioner's Rule 32 petition. Thus, this contention was advanced before him and he could determine whether or not he had misunderstood this aspect, and he rejected petitioner's argument. The fact that the petition was heard by the sentencing judge in effect served substantially the same purpose as remanding the case to him for reconsideration of the sentence.

We therefore conclude that there was no basis for the relief requested by petitioner and that the trial court was correct in denying his petition.

The relief requested is denied, and the action of the trial court is affirmed.

EUBANK, P. J., and OGG, J., concur.