690 P.2d 1240

**STATE of Arizona, Respondent,**

v.

**David Trevino VASQUEZ, Petitioner.**

**No. 1 CA–CR 7376–PR.**

Court of Appeals of Arizona,
Division 1, Department C.

Nov. 1, 1984.

Thomas E. Collins, Maricopa County Atty. by Bruce Bayer, Deputy County Atty., Phoenix, for respondent.

Kemper & Henze by Emmet J. Ronan, Phoenix, for petitioner.

David Trevino Vasquez, in pro per.

## OPINION

OGG, Judge.

The petitioner files this petition for review pursuant to Rule 32.9(c), Arizona Rules of Criminal Procedure, following the

summary dismissal of his petition for post-conviction relief and the trial court's subsequent denial of his motion for rehearing filed pursuant to Rule 32.9(a). The issues preserved in the motion for rehearing, *State v. Thompson*, 139 Ariz. 552, 679 P.2d 575 (App.1984), are: (1) whether the nature and quality of counsel's representation during the post-conviction proceedings deprived petitioner of review of the issues raised in the petition; and (2) whether petitioner was entitled to appointment of new counsel.

Petitioner was convicted of kidnapping, following a trial by jury. He admitted allegations of three prior convictions, and was sentenced to serve a term of fourteen years. He timely filed a notice of appeal and his conviction and sentence were affirmed by this court by memorandum decision in *State v. Vasquez*, 1 CA–CR 6380, filed November 8, 1983. Evidence supporting his conviction was specified in the previous decision on appeal and will not be repeated here. Petitioner raised one issue on appeal: whether he was denied a fair trial by virtue of improper comments made by the prosecutor during closing argument. This court held that the comments were improper but they did not deny petitioner a fair trial.

Petitioner began the present proceedings by filing a petition for post-conviction relief *in propria persona* on March 4, 1983. The trial court appointed the public defender to represent petitioner and subsequently determined that the public defender's office had a conflict of interest. The trial court accordingly appointed present counsel to represent petitioner. Prior to the appointment of his current counsel, petitioner filed several motions: (1) a request to determine whether the prosecutor complied with Rule 15.1(a)(7) since he failed to disclose prior convictions of the victim and the co-defendant in the case (whom petitioner designated as "informants"); (2) a request to determine whether petitioner validly waived preparation of a presentence report; (3) a request to determine whether the trial court properly used petitioner's conviction on January 21, 1970 to enhance sentence, and whether the trial court made a proper factual basis before accepting petitioner's admission to the prior conviction; (4) a request to determine whether trial counsel was effective in representing petitioner; and (5) a request to determine whether the trial court improperly classified the offense as kidnapping, a Class 2 felony, rather than unlawful imprisonment, a Class 6 felony.

Thereafter, on June 9, 1983, counsel for petitioner wrote a letter to the trial court indicating that he had reviewed the petition for post-conviction relief and the motions, and that he had corresponded regularly with petitioner. Counsel further stated that he had reviewed the court file in this case and the related cases, read the trial transcript, reviewed the appellate briefs and the transcript of the preliminary hearing, and discussed petitioner's case in detail at least twice with trial and appellate counsel. Petitioner's present counsel concluded that:

> After doing all the above, I have been unable to find anything which would support the filing of the supplemental petition for post-conviction relief on behalf of Mr. Vasquez. Therefore, I will not be filing a supplemental petition, and unless Your Honor feels that something more needs to be done on my part Mr. Vasquez' request for relief can rest on his original petition as well as the additional documents which he has filed.

The State did not file a response to the petition for post conviction relief. On June 22, 1983, the trial court summarily denied the petition for post-conviction relief based on its finding that petitioner had not "raised and documented any issue of law or fact upon which defendant might obtain relief in a Rule 32 proceeding."

On August 5, 1983, petitioner filed a motion for rehearing, arguing that by virtue of counsel's letter, he was denied a "fair, full and meaningful post-conviction relief review." Vasquez asserted in his motion for rehearing that counsel had failed to comply with Rule 32.5(b) and Rule 32.6(a) by not filing a supplemental petition

for post-conviction relief. He also argued that counsel was ineffective by allegedly asserting that the petition for post-conviction relief should be summarily dismissed. Vasquez later requested appointment of new counsel in the post-conviction relief proceedings. On August 16, 1983, the trial court denied petitioner's motion for rehearing and request for appointment of counsel. Petitioner filed a petition for review in this court on August 29, 1983. The petition for review was sent to the trial court for filing and was filed October 13, 1983.

## TIMELINESS OF MOTION FOR REHEARING

The threshold question on review is whether petitioner timely filed his motion for rehearing. Rule 32.9(a) provides that a motion for rehearing may be filed by an aggrieved party within 10 days after the trial court's ruling on the petition for post-conviction relief. In this case, the petition for post-conviction relief was denied June 22, 1983 and was processed by the clerk of the court June 23, 1983. The motion for rehearing was not filed until August 5, 1983; the time period for the filing of the motion for rehearing had clearly expired. In *State v. Pope*, 130 Ariz. 253, 635 P.2d 846 (1981), the Arizona Supreme Court held that the time limits for filing a motion for rehearing pursuant to Rule 32.9(a) were not jurisdictional and, if a valid reason for noncompliance with the time limit is shown, the trial court may allow a late filing of the motion. In this case, neither petitioner nor the trial court addressed the timeliness of the motion for rehearing. We do note, however, that the order denying the petition for post-conviction relief indicates that a copy was mailed to counsel for petitioner but not to petitioner personally. Presumably counsel forwarded a copy of the order to petitioner and this procedure resulted in the delay in petitioner's filing the motion for rehearing. Although no valid reason for noncompliance with the time limits of Rule 32.9(a) was presented to the trial court, we will nevertheless proceed to address the issues raised in the motion for rehearing.

## EFFECTIVENESS OF COUNSEL

Petitioner contends in the motion for rehearing that counsel was ineffective by virtue of his failure to file a supplemental petition for post-conviction relief in accordance with Rule 32.5(b). He also contends that the trial court summarily dismissed the petition for post-conviction relief based on an alleged assertion by counsel that the petition for post-conviction relief should be summarily dismissed. A review of counsel's letter to the trial court establishes that nowhere did counsel urge that the case be summarily dismissed. Rather, the letter asserted that petitioner's request for relief could rest on the original petition as well as the additional documents filed by petitioner. Finally, the trial court summarily dismissed the petition for post-conviction relief, not on the ground that counsel had urged a dismissal, but rather on the ground that petitioner had neither raised nor documented any issue of law or fact upon which he might obtain relief. Petitioner's contention that counsel urged his petition to be summarily dismissed and that the trial court based its ruling on counsel's letter reflects a misperception both of counsel's letter and the trial court's ruling. We therefore hold that petitioner's argument has no merit.

Regarding the duty of counsel to file a supplemental petition, we examine Rule 32.5(b). The rule provides for the appointment of counsel for an indigent petitioner and states that counsel "*may* file an amended petition within 15 days of appointment." (Emphasis added). The comment to Rule 32.5(b) provides in pertinent part:

Counsel is appointed at this time in order to permit a full decision on the petition as quickly as possible and to equalize the position of indigent and nonindigent petitioners. No time-consuming preliminary screening is required. Appointed counsel's first duty is to insure that the petitioner has included all his grounds for relief in one petition and to file an amended petition *when necessary to do so.* (Emphasis added).

The clear language of Rule 32.5(b) and the comment following it makes the filing of a supplemental or amended petition for post-conviction relief permissive in the discretion of counsel rather than mandatory. One of the clear purposes of Rule 32.5(b) is to provide for appointment of counsel so that all grounds for relief may be included in one petition. In the present case, petitioner filed five separate documents alleging five separate grounds for relief. According to this rule, counsel was not required to file an amended petition raising additional grounds unless he felt it necessary to do so. Counsel's letter to the trial court clearly indicates he did not feel it necessary to do so. We find that counsel fully complied with the requirements of Rule 32.5(b).

■ In reviewing a claim of ineffective assistance of counsel, we must determine whether petitioner has shown that counsel's performance was deficient and whether the deficient performance prejudiced petitioner. *Strickland v. Washington*, — U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); 142 Ariz. 210, 689 P.2d 153 (1984). We have already concluded that counsel's performance complied with Rule 32.5(b). Further, counsel's letter to the trial court detailed his work in this case, which included a review of the entire record, all transcripts filed, a review of related cases, correspondence with petitioner, and conversations with petitioner's trial and appellate counsel. Clearly, counsel's performance cannot be said to be deficient.

■ Petitioner moreover has not pointed out how he was prejudiced by counsel's performance. *State v. Lee, supra.* He has also failed to show what issues counsel could or should have raised in an amended petition for post-conviction relief. Counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a criminal defendant. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Nor has petitioner pointed out how counsel should have expanded on the issues previously raised by petitioner in the motions filed by petitioner *in propria persona*. We therefore conclude that petitioner has failed to establish that his counsel was ineffective.

## APPOINTMENT OF SUBSTITUTE COUNSEL

■ Petitioner additionally contends in the motion for rehearing that the trial court erred in failing to appoint new counsel in the post-conviction proceedings. Based on our finding that petitioner failed to establish his counsel's ineffectiveness, we find that the trial court did not err in refusing to appoint substitute counsel to represent petitioner.

## WAIVER OF ISSUES

■ We note that petitioner did not argue in the motion for rehearing any of the issues he had previously raised in his motions supporting the petition for post-conviction relief. His failure to argue those issues in the motion for rehearing constitutes a waiver of those issues for purposes of review. *State v. Thompson, supra.*

For the foregoing reasons, review is granted and relief is denied.

EUBANK, P.J., and JACOBSON, C.J., concur.