818 P.2d 228

**STATE of Arizona, Respondent,**

v.

**Dale Lee SMITH, Petitioner.**

**No. 1 CA–CR 90–597–PR.**

Court of Appeals of Arizona,
Division 1, Department E.

Sept. 17, 1991.

---

Charles R. Hastings, Yavapai County Atty., Prescott, for respondent.

Dale Lee Smith, in pro. per.

## OPINION

GRANT, Judge.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Dale Lee Smith (defendant) petitions this court for review of the denial of his second petition for post-conviction relief under Rule 32, Arizona Rules of Criminal Procedure.

Defendant was convicted of two counts of third-degree burglary and one count of theft, all class 4 felonies, by his plea of guilty pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). He was sentenced to the presumptive term of four years imprisonment on the burglary counts, to be served consecutively, and a mitigated term of two years on the theft count, to be served concurrently with his other sentences. On appeal, defendant's counsel filed a brief complying with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Defendant filed a supplemental brief, arguing that his consecutive sentences were improperly imposed and constituted cruel and unusual punishment. In a memorandum decision, filed October 25, 1988, we rejected defendant's arguments and affirmed his conviction and sentence.

Subsequently, defendant filed a petition for post-conviction relief in the trial court. John Williams, defendant's counsel on appeal, was appointed to assist defendant in the Rule 32 proceeding. Following that appointment, defendant filed his own amended petition for post-conviction relief. He alleged that his appellate counsel had been ineffective in failing to raise the argument about the consecutive sentences that defendant himself made on appeal. The trial judge summarily denied the petition, finding no material issue of fact or law which would require further proceedings. The court specifically addressed the claim of ineffective appellate counsel and ruled that no colorable issue of competency had been raised. Defendant did not file a motion for rehearing.

On January 3, 1990, defendant filed a petition for writ of habeas corpus, which the trial court addressed as a second petition for post-conviction relief. Defendant also filed a financial affidavit and requested the appointment of counsel. The trial court denied the request.

Defendant's second petition contained four claims pertaining to the imposition of

the consecutive sentences. Defendant acknowledged that these claims had been raised previously and decided against him in his appeal and in the first Rule 32 petition. He also acknowledged that a fifth claim, alleging ineffective assistance of counsel, had been raised in the prior Rule 32 proceedings. However, the record reflects that the prior claim of ineffective assistance had been raised only as to appellate counsel. The second petition alleged the new claim that counsel had been ineffective in his role as Rule 32 counsel as well. As another new claim, defendant alleged that the trial court had improperly used a prior conviction to justify the imposition of consecutive sentences. In his petition, defendant stated that he failed to assert this claim because he had just learned of it on review of the sentencing transcript.

The state filed a response, contending that defendant's claims were precluded. After defendant filed a reply, the trial court summarily denied the petition, finding the claims precluded. Defendant filed a motion for rehearing, which was also denied. A petition for review was timely filed with this court.

### ISSUES

Four issues are preserved for our review by defendant's motion for rehearing:

1. Did the trial court err in denying defendant's request for counsel to assist him on his second petition?

2. Did the trial court err in finding defendant's claims were precluded in light of a significant change of law?

3. Did the trial court err in denying defendant an evidentiary hearing?

4. Did the trial court err in failing to address the merits of defendant's petition?

### DISCUSSION

*Defendant's Right to Counsel On His Second Petition*

Defendant's right to appointed counsel on his second petition for post-conviction relief is governed by Rule 32.5, Arizona Rules of Criminal Procedure. In pertinent part, the rule provides:

b. *Required Appointment of Counsel.* If satisfied that petitioner, . . . is indigent the court shall appoint counsel (1) for the first petition for any petitioner, . . . or (3) for the first petition raising a claim of ineffective assistance of counsel. . . .

c. *Discretionary Appointment of Counsel.* If the petitioner desires appointed counsel on a subsequent petition and if the court is satisfied that he or she is indigent, the court may appoint counsel. . . . If the court declines to appoint counsel the reason for such decision shall be set forth in writing.

The comment to the 1989 amendment to the rule states:

The court shall appoint counsel when petitioner first raises a claim of ineffective assistance of counsel. If the first petition for post-conviction relief includes a claim of ineffective assistance of counsel, then the court is not required to appoint counsel on a second petition claiming ineffective assistance of counsel.

On defendant's first petition in this case, he raised a claim of ineffective assistance of appellate counsel. That claim was resolved against him. On his second petition he re-urged this claim, but also added the claim of ineffective assistance of counsel appointed to represent him on the first Rule 32 petition.

Even though the second petition raised the issue of the effectiveness of counsel acting in a different capacity, we believe that defendant's prior claim of ineffective appellate counsel deprives him of the right to appointed counsel on this petition. In a non-capital case, beyond the first petition, Rule 32.5 mandates appointment of counsel only when a claim of ineffectiveness is first raised. The rule and the comment do not suggest that a defendant is entitled to counsel the first time he raises a claim of ineffectiveness regarding a particular prior attorney. Placing that interpretation on the rule, we believe, could mandate the appointment of counsel for a defendant on second and successive petitions, each asserting the ineffectiveness of counsel on

the previous petition. Such a situation is analogous to the one we sought to avoid in *State v. Alford,* 157 Ariz. 101, 754 P.2d 1376 (App.1988), when we held that a petitioner could not obtain Rule 32 review of claims that could have been presented on appeal by asserting that the failure to raise those claims amounted to ineffective assistance of appellate counsel.

Rule 32.5(c) permits the court to appoint counsel on a second or subsequent petition upon the defendant's request. In this case, the trial judge denied the request, stating:

> Petitioner has with his petition filed a "Motion for Appointment of Counsel to Assist." The Court has reviewed the file, including the decision on appeal and previous Rule 32 pleadings and orders and determines, pursuant to Rule 32.5(b), that petitioner is not entitled to appointment of counsel as a matter of right. Furthermore, upon a review of the petitioner's most recent petition, it appears that petitioner has been able to quite well brief the issues on his own and it further appears that to a large extent the petitioner is raising issues previously ruled upon. It would serve little purpose to appoint counsel and, therefore, petitioner's Motion for Appointment of Counsel is denied.

We believe that this statement, made in writing as required by the rule, shows that the trial judge appropriately exercised his discretion in denying the request. The focus by the trial court on the potential merits of defendant's claims was proper. In *State v. Vasquez,* 142 Ariz. 527, 690 P.2d 1240 (App.1984), we considered a petitioner's claim that he had received ineffective assistance from counsel on his Rule 32 petition. The trial court summarily denied the claim, along with defendant's request for new Rule 32 counsel. We held that because the summary denial of the petition was proper, the court did not err in refusing to appoint new counsel. *Id.* at 530, 690 P.2d at 1243.

In this case, the judge followed a similar procedure. Weighing the allegations of the *pro per* petition against the entire record, he made the proper assessment that

petitioner's claims would likely be precluded. Defendant's inclusion of a claim of ineffectiveness of prior Rule 32 counsel did not alter the balance in his favor. Review of the petition shows that the claim was a bare assertion that Rule 32 counsel was ineffective because he failed to argue appellate counsel's purported failure to raise issues on appeal. This is precisely the sort of claim which we rejected in *State v. Alford, supra,* recast in an even more attenuated form.

*Other Grounds for Review*

 The other grounds for review preserved by the motion for rehearing all address the trial court's determination that defendant's claims were precluded. Defendant first contends that his claims regarding the lawfulness of his consecutive sentences were not precluded due to a significant change of law. *See* Rules 32.1(g) and 32.2(b), Arizona Rules of Criminal Procedure. One case on which defendant relies is an unpublished memorandum opinion by Division 2 of this court. As it has no precedential value, such an opinion cannot effect a change of law. Rule 111(c), Supreme Court Rules. The other case on which he relies, *State v. Henry,* 152 Ariz. 608, 734 P.2d 93 (1987), was decided by the supreme court on March 4, 1987, *before* the occurrence of defendant's offenses, change of plea, sentence, and appeal. As a result, the *Henry* case did not effect a change of law as to defendant's case either.

Moreover, *Henry* is of no help to defendant. That case held that prior convictions for crimes committed on the same occasion could be counted only as one conviction for the purpose of sentence enhancement. Defendant did not receive an enhanced sentence in this case.

 Defendant also asserts, as his third and fourth grounds for relief, that the trial court erred in denying him an evidentiary hearing because the state asserted that his claims were precluded. We agree with the trial court. As required, the state pleaded preclusion in its response. *See* Rule 32.-2(d); *State v. Thompson,* 120 Ariz. 202, 584 P.2d 1193 (App.1978). In his own petition,

defendant acknowledged that four of his claims had already been denied on appeal or on his first petition for post-conviction relief. Defendant asserted in his reply that a failure to raise all his claims previously amounted to ineffective assistance by appellate and Rule 32 counsel. As we have already noted, a failure by counsel to raise all claims a defendant wishes to raise does not amount to ineffective assistance of counsel. *State v. Alford, supra; State v. Stanley*, 123 Ariz. 95, 597 P.2d 998 (App. 1979).

The defendant also asserted that his failure to raise his sixth claim, that the trial judge improperly used a prior conviction in imposing an aggravated sentence, was due to his ignorance of the appellate record. This justification is insufficient in light of the fact that the record was made available to defendant at the time of his appeal and that he submitted a supplemental brief. Thus, to the extent his petition set out a new claim at all, defendant failed to overcome the inference that it was waived. *See* Rule 32.2(c).

In any event, defendant's argument on his sixth claim has no merit. The trial court did not err in referring to another felony conviction. No aggravated sentence was imposed. The trial judge is not required to articulate reasons for imposing a consecutive sentence, though he may do so, since there is a presumption that consecutive sentences will be imposed. *See* A.R.S. § 13–708.

The trial court did not abuse its discretion in summarily denying defendant's claims on the ground of preclusion. Since petitioner presented no colorable claim, no evidentiary hearing was required. *See State v. Jeffers*, 135 Ariz. 404, 427, 661 P.2d 1105, 1128 (1983). We grant review of defendant's petition, but deny relief.

CLABORNE, P.J., and SHELLEY, J., concur.