19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack O'Neal BARRETT, Petitioner-Appellant,
v.
Samuel LEWIS, et al., Respondent-Appellee.
 No. 93-15846.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 15, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Jack Barrett appeals from the decision of the District Court for the District of Arizona dismissing his petition for writ of habeas corpus. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 2254. This court has jurisdiction under 28 U.S.C. Secs. 1291 and 2253. We affirm.
 
 
 3
 We review the district court decision on a petition for writ of habeas corpus de novo. Turner v. Compoy, 827 F.2d 526, 528 (9th Cir.1987), cert. denied, 489 U.S. 1059 (1989). "Inartful pleading" by a pro se litigant is liberally construed. Eldridge v. Block, 832 F.2d 1132 (9th Cir.1987).
 
 I. Ineffective Assistance of Counsel
 
 4
 Barrett raises six claims of ineffective assistance of counsel: (1) trial counsel's failure to interview defense witnesses; (2) counsel's failure to investigate exculpatory evidence; (3) counsel's failure to keep petitioner informed about pre-trial matters; (4) counsel's failure to properly advocate his position during pre-trial motions; (5) counsel's failure to present evidence on behalf of Barrett after the prosecution rested its case and (6) counsel's failure to object to co-defendant Kreidel's motion to exclude the testimony of the confidential informant.
 
 A. Procedurally Defaulted Claims
 
 5
 Barrett has procedurally defaulted on his first four claims of ineffective assistance of counsel. Barrett failed to raise those claims in a motion for rehearing after the Yuma County Superior Court denied his petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Under Arizona law, the failure to argue previously raised issues in a motion for rehearing constitutes a waiver of those issues for purposes of appellate review. See State v. Vasquez, 690 P.2d 1240, 1243 (Ariz.App.1984). Barrett has not attempted to show cause for the procedural default, nor has he demonstrated that this court's failure to address the procedurally defaulted claims will result in a fundamental miscarriage of justice. Federal habeas review of Barrett's first four claims of ineffective assistance of counsel is therefore barred. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir.1992) (en banc).
 
 B. Claims that were fairly presented
 
 6
 Two of Barrett's ineffective assistance of counsel claims were fairly presented to Arizona's highest court and are therefore appropriate for federal habeas review. Kellotat v. Cupp, 719 F.2d 1027, 1029. To prevail on a claim of ineffective assistance of counsel, Barrett must demonstrate (1) that counsel's actions were "outside the wide range of professionally competent assistance," and (2) that he was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 690-94 (1984); United State v. Chambers, 918 F.2d 1455, 1460 (9th Cir.1990). To establish prejudice, Barrett "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Chambers, 918 F.2d at 1460. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 690.
 
 1. Failure to Present a Defense
 
 7
 Barrett argues that his trial counsel was aware of four witnesses who could have testified that Barrett was on his way to Quartzsite (rather than Vidal Junction) to pick up a car on the day of the arrest. Three of those four witnesses testified at Barrett's probation revocation hearing (in which Barrett was represented by his trial counsel) approximately two weeks prior to Barrett's trial. Their testimony established that they did not know where Barrett was going on the day of his arrest. Having heard this testimony two weeks prior to trial, it was not unreasonable for Barrett's trial counsel not to call the witnesses at trial.
 
 
 8
 Barrett also argues that the testimony of numerous witnesses would have established that he lacked knowledge that the marijuana was in the van. He lists witnesses who could have testified that co-defendant Kreidel, not Barrett, was involved with the marijuana. At Barrett's Rule 32 post-conviction evidentiary hearing, Barrett's trial counsel testified that he felt a "knowledge" defense would be ineffective without the testimony of Barrett himself. Barrett does not, however, maintain that his trial counsel was ineffective for not having called Barrett to the stand. Counsel's decision not to pursue a knowledge defense, in light of the fact that Barrett himself would not be testifying, was not unreasonable.
 
 
 9
 Even if it was unreasonable not to pursue a "knowledge" defense by presenting witnesses other than Barrett, Barrett cannot establish that he was prejudiced. Kreidel, for example, admitted at the Rule 32 evidentiary hearing that he did not know for sure whether Barrett had knowledge of the marijuana:
 
 
 10
 Q. Your statement that Jack Barrett didn't know anything about the marijuana in the van, that's speculation on your part, right?
 
 
 11
 A. I guess it would be. But I have known Jack for a long time.
 
 
 12
 Although the other witnesses Barrett lists might have been able to testify that Kreidel was the one primarily involved with the marijuana, Barrett does not explain how they could have testified to his own lack of knowledge.
 
 
 13
 Barrett also contends that his trial counsel should have introduced evidence that Barrett is unable to smell. Such evidence would have supported the inference that he did not realize there was marijuana in the van. This issue was not raised before the district court and is therefore waived on appeal. Mannes v. Gillespie, 967 F.2d 1310, 1316 n. 6 (9th Cir.1992). In addition, Barrett has not demonstrated that the issue was raised before the Arizona state courts, and has not shown "cause" or "prejudice" to cure the procedural default. Coleman, 111 S.Ct. at 2565.
 
 
 14
 Finally, it is noteworthy that co-defendant Kreidel was acquitted even though his attorney chose the exact same trial tactic that Barrett's trial counsel had chosen--i.e. resting without presenting a defense.
 
 2. Failure to Oppose the Motion in Limine
 
 15
 Barrett argues that his trial counsel was ineffective because he "joined" co-defendant Kreidel's counsel in the motion to suppress the confidential informant's statements to police. The record reveals that Barrett's trial counsel neither joined in nor opposed the motion. Barrett asserts that introduction of the informant's statements may have been an effective means of centering attention on Kreidel rather than Barrett as the one responsible for the marijuana. The testimony of police officers at a pre-trial hearing to determine if there was a reasonable suspicion to pull over the van established that the confidential informant's tips referred to a person named "Bill" (presumably Bill Kreidel) as the one who would be delivering the marijuana. The officers also testified that the informant had not mentioned Barrett's name.
 
 
 16
 Barrett has not demonstrated that his trial counsel's failure to oppose the motion in limine was objectively unreasonable. Even if the informant's statements only implicated co-defendant Kreidel, they would not have necessarily had an exculpatory effect on Barrett.
 
 
 17
 Barrett has also not established prejudice. The State opposed Kreidel's motion to suppress on the grounds that introduction of the informant's statements would not be offered to show the truth of the assertions, "but to show the officer's good faith and reasonable belief in [the] propriety of action taken." The trial court granted the motion because the informant's statements constituted inadmissible hearsay. The court ruled that "under the circumstances of this case, the prejudice resulting to the defendant [Kreidel] far outweighs the [State's] concerns ... about confusion of the jurors ... about invasion of privacy." It is highly unlikely that the court would have been less concerned with the prejudicial impact of these hearsay statements on Kreidel had Barrett's trial counsel joined the State in opposing the motion.
 
 
 18
 II. Failure to Reveal Identity of Confidential Informant
 
 
 19
 Barrett argues that his due process rights were violated by the trial court's failure to order the disclosure of the confidential informant's identity. Barrett failed to raise the issue regarding nondisclosure of the confidential informant in his habeas petition before the district court, and it is therefore waived on appeal. See Mannes v. Gillespie, 967 F.2d 1310, 1316 n. 6 (9th Cir.1992); Stange v. United States Parole Comm'n, 875 F.2d 760, 761 n. 1 (9th Cir.1989).
 
 
 20
 Even if Barrett's claim had been properly raised before the district court, it would not merit habeas relief. The identity of a confidential informant must be disclosed where it "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 60-61 (1957). The burden for demonstrating the need for disclosure is on the defendant, "and a mere suspicion that the information will prove helpful will not suffice." United States v. Williams, 898 F.2d 1400, 1402 (9th Cir.1990). Disclosure has been denied where "the informer's role [is] peripheral" and where "the informant neither witnessed the crime nor transacted business with the defendant." United States v. Connolly, 479 F.2d 930, 933-34 (9th Cir.1973).
 
 
 21
 Barrett's contention is that the informer would have implicated Kreidel as the central figure in this case. He is arguably correct. However, Barrett cannot show that the informant's testimony would be helpful to his defense. There is no evidence whatsoever that the informant could attest to Barrett's lack of knowledge of the marijuana even if the informant's testimony would have been damaging to Kreidel. The jury would have still been presented with very strong evidence against Barrett: he was driving a van containing a garbage bag of marijuana which police officers could smell upon opening the side doors to the van. In addition, the informant's role appears to have been peripheral: there is no indication that the informant witnessed the crime or transacted business with Barrett.
 
 III. Fourth Amendment Claim
 
 22
 Barrett argues that his Fourth Amendment right to be free from unreasonable searches and seizures was violated when his van was stopped without probable cause. A petitioner is not entitled to federal habeas relief on Fourth Amendment grounds if his claim has been subject to "full and fair" litigation in state court. Stone v. Powell, 428 U.S. 465, 494 (1976). The state trial court conducted a very lengthy pre-trial hearing on whether the State had established probable cause to stop the van. Further, the Arizona Court of Appeals, Division I, issued a memorandum decision upholding the search and seizure on the basis of Illinois v. Gates, 462 U.S. 213 (1983). Barrett's Fourth Amendment claim was subject to full and fair litigation in the Arizona state courts; he is therefore not entitled to federal habeas relief.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3