540 P.2d 145

**STATE of Arizona, Appellee,**

v.

**Roy Sylvester BELL and Linda Jane Bell, Appellants.**

**Nos. 1 CA–CR 665, 1 CA–CR 673.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 16, 1975.

Bruce E. Babbitt, Atty. Gen. by Stanley Patchel, Asst. Atty. Gen., Phoenix, for appellee.

Lloyd D. Brumage, Casa Grande, for appellants.

## OPINION

JACOBSON, Presiding Judge.

Appellants Roy Sylvester Bell and Linda Jane Bell each entered pleas of guilty to unarmed robbery on December 20, 1973. They have appealed from judgment and sentences urging that, due to pressures placed upon them by circumstances attending the pleas, the pleas were not voluntarily made. Included in those circumstances, appellants allege, are (1) inadequacy of representation by trial counsel; (2) conflict of interest of trial counsel stemming from his joint representation of appellants; and (3) improper conduct on the part of the County Attorney.

Pursuant to an order and opinion of this court, this appeal was suspended while appellants, in a post-conviction proceeding, petitioned the trial court to allow withdrawal of their pleas. *See State v. Bell*, 23 Ariz. App. 169, 531 P.2d 545 (1975). That petition has been denied and appellants now resume their appeal from the original judgment and sentences, consolidating with that appeal a petition to review the trial court's denial of post-conviction relief.

Roy and Linda Bell were initially arrested in October of 1973 and indicted by a grand jury for possession of dangerous drugs for sale and possession of prescription only drugs for sale, both felonies. During the period before trial on these charges, appellants and others escaped from the Mohave County jail. Upon reapprehension, appellants were charged,

again by grand jury indictment, of conspiracy to escape from county jail; escape from county pail; and armed robbery of the jailor. Subsequently, appellants entered into plea bargains under the terms of which appellants each pled guilty to one count of unarmed robbery. In exchange, all other charges arising from the drug arrest and from the escape were dropped.

 Appellants argue first that the plea agreements were involuntarily made because of inadequate representation by trial counsel. In determining whether an attorney has rendered effective assistance, the record will be examined to insure that counsel's representation did not amount to a farce or a sham. *State v. Kruchten*, 101 Ariz. 186, 417 P.2d 510 (1966). The record here indicates that following their arrest on the drug charges, appellants filed statements of indigency, whereupon counsel was appointed. The record further shows that appellant's attorney conferred several times with each appellant, participated in discovery and omnibus hearing procedures on both the drug and escape charges, moved and argued for suppression of evidence, appeared and was prepared at each stage of the proceedings, sought the advice of other attorneys regarding the case, and explained the consequences of the plea agreements to each appellant. We find no inadequacy of representation here.

Appellants urge next that representation of counsel was inadequate because of a conflict inherent in his joint representation of both appellants. The Arizona Supreme Court has considered the conflict of interest problem connected with joint representation of co-defendants. In *State v. Kruchten, supra*, the court stated:

"Plainly, where a lawyer undertakes to represent two or more codefendants and an actual conflict of interest exists, courts will not weigh the quantity of prejudice which may have resulted to one or the other. Reversible error will be presumed. But an actual conflict must, in fact, have existed or been inherent in the facts of the case from which the possibility of prejudice flowed.

"From our examination of the precedents, we have reached the conclusion that *an attorney may, in good faith, represent co-defendants until such time as a conflict arises or can reasonably be foreseen.*" 101 Ariz. at 199, 417 P.2d at 523. (emphasis added)

 A conflict arises or is reasonably foreseeable when it appears that counsel's necessary course of action on behalf of one co-defendant will prejudice the other co-defendant in the slightest degree. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In the case before us, appellants argue that had either appellant been called to testify as to the drug or escape charges, such testimony would necessarily have been damaging to the co-defending appellant. Thus, it is asserted, counsel was not free to make a decision to call one appellant to testify without prejudice to his other client, the co-defendant. It has not been shown to this court in what respect either appellant's testimony would have damaged the other appellant. This problem need not be grappled with, however, because the record indicates that counsel did not intend to call either appellant to testify at trial. At the extensive hearing on the post-trial motion to withdraw pleas, counsel testified that both appellants had indicated to him equal involvement in the offenses charged:

"Q. When you talked with Mr. and Mrs. Bell did they tell you that they had knowledge regarding the dangerous drugs and that the case was pretty much as the prosecution alleged it to be?

"A. That was basically what I recall they indicated to me.

"Q. That being the case, I would assume that you had not intended that they take the stand, then, is that correct?

"A. I think I indicated earlier a final determination on that question had been made.

"Q. You didn't intend to put them on the stand to commit perjury, did you?

"A. No.

"Q. And if they told you the truth, they would have convicted themselves, would they not?

"A. For the most part, yes.

"Q. So that a determination of whether or not to put them on the stand was really made for you by the facts, wasn't it?

"A. Yes, I guess you could say that."

A similar line of questions and responses appear in regard to the escape charges.

This testimony was not effectively controverted by appellants at the post-trial hearing and apparently was accepted by the trial judge in denying the post-conviction relief. We therefore hold that, under the circumstances of this case, no conflict had yet arisen in counsel's joint representation of appellants.

■ Finally, appellants allege that improper conduct on the part of the county attorney added to the circumstances which they urge rendered their pleas involuntary. Specifically, it is asserted that the county attorney improperly filed charges against the appellants which had no basis in fact. Since appellants were charged on both the drug charges and the escape charges by indictments handed down by the grand jury, we find appellant's final contention to be without merit.

For the foregoing reasons, we hold that the appellant's pleas of guilty to unarmed robbery were voluntarily made. The judgment, sentences, and denial of post-conviction relief are affirmed.

HAIRE, C. J., and EUBANK, J., concur.