NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHRIS MICHAEL ALONSO, *Petitioner*.

No. 1 CA-CR 13-0818 PRPC

FILED 9-29-2015

Appeal from the Superior Court in Maricopa County
No. CR2004-137144-001 DT
The Honorable Paul J. McMurdie, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Kimerer & Derrick, P.C., Phoenix
By Michael D. Kimerer
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E** Y, Judge:

**¶1**        Petitioner Chris Michael Alonso petitions this court to review the dismissal of his petition for post-conviction relief. We have considered the petition for review and grant review, but for the reasons stated, deny relief.

## I.    Background

**¶2**        Alonso was tried and a jury found him guilty of first degree murder, drive-by shooting, and five counts of attempted first degree murder. He was subsequently sentenced to life in prison with a possibility of release after twenty-five years for first degree murder; 12.5 years in prison for the first count of attempted first degree murder; and 10.5 years in prison for each remaining count. The trial court ordered the sentence for the first count of attempted first degree murder and the sentence for drive-by shooting to run concurrently, and all other sentences to run consecutively. The court also ordered that Alonso serve the sentence for murder last. Finally, the court ordered that Alonso serve all of the sentences in this case consecutive to the sentences imposed in two other unrelated cases.

**¶3**        Alonso filed an appeal and we affirmed his convictions and sentences on direct appeal. Alonso now seeks review of the summary dismissal of his first petition for post-conviction relief as well as a supplemental petition for post-conviction relief.[1] We have jurisdiction pursuant to Arizona Rules of Criminal Procedure ("Rule") 32.9(c) and Arizona Revised Statutes ("A.R.S.") section 13-4239(C) (2010).

---

[1] The trial court found Alonso presented one colorable claim for relief and held an evidentiary hearing on that issue. The court denied relief but Alonso does not present that issue for review.

## II.    Issues Presented for Review

**¶4**        Alonso presents three issues for review.  He argues: (1) the trial court erred by denying his motion to change counsel; (2) both his trial counsel were ineffective when they failed to request a "second shooter" instruction before jury deliberations began; and (3) his appellate counsel was ineffective when counsel failed to raise an issue regarding the trial court's refusal to give a "second shooter" instruction after deliberations began.

## III.    Denial of the Motion to Change Counsel

**¶5**        Alonso argues the trial court erred by denying his motions for new counsel during his trial.  He raised the issue on direct appeal, and we found no error.  As a result, any claim a defendant raised or could have raised on direct appeal is precluded.  Ariz. R. Crim. P. 32.2(a).

**¶6**        Alonso, however, attempts to circumvent preclusion by arguing the record on appeal was not sufficient to permit this court to fully address the issue and, therefore, he can re-litigate the issue in a subsequent post-conviction relief proceeding.[2]  Alonso relies on *State v. Bell*, 23 Ariz. App. 169, 531 P.2d 545 (App. 1975), to support his proposition.

**¶7**        Alonso's reliance on *Bell* is unavailing because *Bell* is not only distinguishable, but the post-conviction procedural world in which we decided *Bell* no longer exists.  The Bells pled guilty to various charges and filed a direct appeal in which they raised claims of ineffective assistance of trial counsel.  They argued in the opening brief that they could not adequately present a factual basis to support the issue absent an evidentiary hearing because the ineffectiveness occurred before they pled guilty and the only transcripts in the record were for the change of plea hearing and sentencing.  *Id.* at 170, 531 P.2d at 546-47.  The Bells raised the same claims of ineffective assistance in a concurrent post-conviction relief proceeding and sought an evidentiary hearing to establish the ineffective assistance. The State argued the issue was precluded pursuant to Rule 32.2 because it was pending on direct appeal.  The trial court in turn denied relief.  *Id.*

**¶8**        We held the Bells were entitled to an evidentiary hearing in the post-conviction relief proceeding.  *Id.* at 171, 531 P.2d at 548.  We recognized that the Rules of Criminal Procedure as they existed at that time contemplated that the issue of ineffective assistance could be pending

_____

[2] Alonso does not present this issue in the context of newly discovered evidence or ineffective assistance of appellate counsel.

simultaneously in both a post-conviction relief proceeding in the trial court and in a direct appeal. We explained the circumstances placed the Bells in the position of properly raising a claim of ineffective assistance on direct appeal for which the record on appeal contained no factual basis, yet they could not develop the factual basis in a Rule 32 proceeding because the issue was pending on direct appeal. We held that preclusion of an issue that is "still raisable" on direct appeal applies only when there is a sufficient factual basis in the record for the appellate court to resolve the issue. *Id.* at 170-71, 531 P.2d at 547. This is the language Alonso relies upon.

**¶9** *Bell*, however, does not help Alonso. We decided *Bell* at a time when the rules permitted defendants such as the Bells to not only file a direct appeal after they pled guilty, but to raise issues of ineffective assistance of counsel in that appeal. A defendant may no longer do either. A.R.S. § 13-4033(B) (2008) (a defendant may not appeal a judgment or sentence entered pursuant to a plea agreement); *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002) (a defendant may not present claims of ineffective assistance of counsel in a direct appeal). Further, in *Bell* we addressed preclusion in the context of an issue "[s]till raisable on direct appeal" as provided in the former Arizona Rules of Criminal Procedure, Rule 32.2(a)(1).[3] *Bell*, 23 Ariz. App. at 170 n.2, 531 P.2d at 547 n.2. And that procedural rule no longer exists.

**¶10** Rule 32.2(a)(2), the rule in effect at the time of Alonso's conviction, provides that any issue "[f]inally adjudicated on the merits on appeal" is precluded. Moreover, in *Bell* we based our ruling, in part, on a comment to the rule. That comment, like the rule is no longer part of the comments to the current, applicable rule. *See* Ariz. R. Crim. P. 32.2, cmt. ("This [2002] Comment consolidates and replaces prior comments.").

**¶11** Here, the issue of whether the trial court erred by denying Alonso's motion for new counsel before the jury's verdict was addressed and resolved on the merits on direct appeal. The issue, as a result, cannot be raised because it is precluded pursuant to Rule 32.2(a)(2). Consequently, the trial court properly found the issue precluded when reviewing Alonso's petition for post-conviction relief.

---

[3] The current version of Rule 32.2(a)(1) is worded slightly differently but is substantively the same.

**IV.** **Failure to Timely Request a "Second Shooter" Instruction**

¶12 Alonso also argues both his lawyers at trial were ineffective when they failed to request a "second shooter" instruction. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the trial court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).

**A.** **Background**

¶13 During jury deliberations, the jury sent out a note that stated, in relevant part, that a "juror is introducing a theory that there was a second shooter" in a vehicle that fired a gun at the exact same time as Alonso, and that this shot could have killed the murder victim. The presiding juror indicated he or she did not recall that Alonso presented this theory. The note then asked, "For this situation is there anything that should be done aside from referring them to the instructions that you have given us?"

¶14 Alonso's lawyer asked the court to instruct the jury that Alonso raised the issue during trial and it is up to the jury to determine the facts of the case and whether any facts support that claim. After noting that Alonso did not request an instruction on a "second shooter" theory before deliberations began, the court stated one would have been given if timely requested, but that it would not give such an instruction in the middle of deliberations. The court then stated it would inform the jury that Alonso presented a second shooter theory and it was an issue the jury needed to resolve. Both of Alonso's lawyers responded, "That's fine" and "Perfect."

¶15 Alonso did not raise his argument that his lawyers should have asked for the "second shooter" instruction before deliberations began in his petition for post-conviction relief. He raised the argument for the first time in his second supplement to his petition for post-conviction relief. He contends the following instruction should have been requested:

> The Defendant's theory of the case is that another person may have caused the death of [the murder victim] and you may consider any evidence that supports that theory. You may

consider the means and opportunity of such person, the
character of such person, and the motive of this person to
commit the crime. You may also consider any physical
evidence admitted at trial and the testimony of any witness.
You must determine whether any of this evidence creates a
reasonable doubt as to Defendant's guilt. If you think there is
a real possibility that Defendant is not guilty, you must give
him the benefit of that doubt and find him not guilty.[4]

The trial court summarily dismissed the issue.

**B.** **Discussion**

**¶16** Generally, a party is entitled to an instruction on any theory
reasonably supported by the evidence. But, a party is not entitled to an
instruction when it is adequately covered in other instructions. *State v.
Martinez*, 196 Ariz. 451, 460, ¶ 36, 999 P.2d 795, 804 (2000). The omission of
an instruction does not result in reversible error where the instructions,
read as a whole, sufficiently set forth the applicable law. *State v. Barr*, 183
Ariz. 434, 442, 904 P.2d 1258, 1266 (App. 1995). It is only when the
instructions, taken as a whole, are such that it is reasonable to suppose the
instructions misled the jury that we should reverse for error in the
instructions. *State v. Schrock*, 149 Ariz. 433, 440, 719 P.2d 1049, 1056 (1986).
Finally, "[I]n evaluating the jury instructions, we consider the instructions
in context and in conjunction with the closing arguments of counsel." *State
v. Johnson*, 205 Ariz. 413, 417, ¶ 11, 72 P.3d 343, 347 (App. 2003) (citation
omitted).

**¶17** In his trial closing argument, Alonso asserted the evidence
demonstrated there was a second shooter. The jury, as a result, knew that
one of his defenses was that a second shooter, not Alonso, shot and killed
the victim. And although Alonso did not ask for the "second shooter"
instruction, the final instructions more than adequately addressed the
applicable law even when considered in the context of a "second shooter"
theory. The trial court instructed the jury that to convict Alonso of first
degree murder, the jury must find that he caused the death of the victim;
that he intended or knew he would cause the death of the victim; and that
he acted with premeditation. The court instructed the jury that to convict
Alonso of any of the lesser-included offenses of second degree murder,

---

[4] Because Alonso's proposed instruction addressed only the charge of first
degree murder, we address this issue only in the context of the murder
charge and conviction.

manslaughter or negligent homicide, the jury must also find Alonso caused the death of the victim. And the court instructed the jury regarding the burden of proof and reasonable doubt.

¶18        The trial court properly instructed the jury. Moreover, we presume, in the absence of evidence to the contrary, that jurors follow their instructions. *State v. Dunlap*, 187 Ariz. 441, 461, 930 P.2d 518, 538 (App. 1996). If the jury believed that a "second shooter" may have caused the death of the victim, and in the absence of the State asking for an accomplice instruction, the jury was free to find, especially after the court responded to the juror note, that Alonso was not guilty because the State did not prove beyond a reasonable doubt that Alonso caused the death of the victim; regardless of whether his lawyers requested and the trial court gave the "second shooter" instruction before the start of jury deliberations.

¶19        Finally, even if we were to presume that the failure to timely request the "second shooter" instruction fell below the standard of care for a trial lawyer, we find no evidence of prejudice. The fact that the jury could have acquitted Alonso based on the instructions, and if the facts warranted, without the "second shooter" instruction, demonstrates that the failure of his trial lawyers to timely request the instruction did not cause him prejudice. Similarly, the failure of his appellate lawyer to raise on appeal the issue that the trial court erred by not giving the instruction when it was raised by the note did not cause any prejudice. Consequently, we deny relief because Alonso suffered no prejudice from counsels' failure to request the instruction.

## V.        Conclusion

¶20        We grant review of the denial of the petition for post-conviction relief, and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama